IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James H. Lawson, Jr., | : | |
| Plaintiff | : | Civil Action 2:12-cv-0533 |
| v. | : | Judge Smith |
| Jessica McQuate, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**INITIAL SCREENING**
**REPORT AND RECOMMENDATION**

Plaintiff James H. Lawson, Jr., an inmate at Chillicother Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendants have denied him medical care. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims, and to dismiss

---

[1]The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a

the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted against defendants Charles Jenkins, Beth Higginbothum, Alice Ault, Corby Free, Dr. Gary Artrip, Dr. Larry Houts, Terry Harris, and Mona Parks and therefore **RECOMMENDS** dismissal of the complaint as to those defendants. The lawsuit shall continue as to plaintiff's claims against defendants Jessica McQuate and Dino Cardaras.

The complaint alleges that on July 21, 2010 plaintiff James H. Lawson, Jr. was seen by defendant nurse Dino Cardaras for complaints of a headache, dizziness, fever and tightness in his chest. Cardaras dismissed the large reddish spot/mark on Lawson's left leg as heat rash. He did not take Lawson's temperature because there were no probe covers, but Cadaras nonetheless recorded his temperature in his notes. Before leaving the medical office, Lawson asked to see a doctor. That request was denied. Complaint, ¶¶ 5-6. It is the "Culture of Care" at the Chillicothe Correctional Institution to deny

---

claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

medical care to inmates. *Id.,* Complaint, ¶ 7.

Within 24 hours, Lawson was admitted to the Ohio State University Medical Center, where he was placed in the infectious disease unit and given antibiotics. When he returned to the Chillicothe Correctional Institution on July 27, he was to continue taking the prescribed antibiotics. But when he arrived at the prison, no steps were taken to insure that he received the prescribed medication. Complaint, ¶¶ 2 and 7. Instead, defendant nurse Jessica McQuate cleared Lawson for return to the general population, where he did not receive the antibiotics. Complaint, ¶¶ 2-3. Lawson then experienced increased pain and swelling in his left foot. His request for crutches was denied. McQuate and Cardaras made no effort to assess or inquire into why Lawson needed crutches. Lawson was returned to the Ohio State University Medical Center. Complaint, ¶ 3.

The complaint further contains the conclusory allegation that defendants Charles Jenkins, Beth Higginbothum, Alice Ault, Corby Free, Dr. Gary Artrip, Dr. Larry Houts, Terry Harris, and Mona Parks "have all directly or indirectly conspired with others to covery-up their misconduct and negligent medical care" by failing to favorably act on his grievances. Complaint, ¶¶ 9-12.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson,* 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 (2007):

. . . Rule 8(a)(2) requires only "a short and plain statement of the claim

3

showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly,* 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. There is both an objective and a subjective component to a cruel and unusual punishment claim. *Scott v. Ambani,* 577 F.3d 642, 648 (6th Cir. 2009). The objective component requires a plaintiff to demonstrate that the medical need was "serious." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.' [*Brennan v.*] *Farmer,* 511 U.S. [825], 834 [(1994)]; *Comstock* [*v. McCrary,* 273 F.3d 693], 834 [(6th Cir. 2001)."  Prison officials are liable only if they know

4

of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Mere negligence does not constitute deliberate indifference.  *See, Estelle*, 429 U.S. at 106.  Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment.  *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Nonetheless, prison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment.  Deliberate indifference may be established in cases where it can be shown that a defendant rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir.2002) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *see also Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998).  A complaint states a claim when it alleges that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake,* 537 F.2d at 860; *Scott v. Ambani,* 577 F.3d at 648.

Here the complaint is sufficient on initial screening to state a claim against defendants Jessica McQuate and Dino Cardaras; however, the complaint fails to state a claim upon which relief may be granted against defendants Charles Jenkins, Beth

5

Higginbothum, Alice Ault, Corby Free, Dr. Gary Artrip, Dr. Larry Houts, Terry Harris, and Mona Parks. There only role in Lawson's treatment was to respond to his grievances. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). None of these defendants is alleged to have taken any action to intentionally subject Lawson to cruel and unusual punishment by acting with deliberate indifference to his serious medical needs or to facilitate Cardaras's and McQuate's alleged actionable conduct.

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** as to defendants Charles Jenkins, Beth Higginbothum, Alice Ault, Corby Free, Dr. Gary Artrip, Dr. Larry Houts, Terry Harris, and Mona Parks for failure to state a claim against them under 42 U.S.C. §1983. The lawsuit shall continue as to plaintiff's claims against defendants Jessica McQuate and Dino Cardaras.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order. Defendants Charles Jenkins, Beth Higginbothum, Alice Ault, Corby Free, Dr. Gary Artrip, Dr. Larry Houts, Terry Harris, and Mona Parks are not required to answer the complaint unless later ordered to do so by the Court.

Defendants Jessica McQuate and Dino Cardaras are **ORDERED** to respond to the complaint within **45 days of being served with summons and complaint.**

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge
