IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James H. Lawson, Jr., | : | |
|     Plaintiff | : | Civil Action 2:12-cv-00533 |
| v. | : | Judge Smith |
| Jessica McQuate, *et al.*, | : | Magistrate Judge Abel |
|     Defendants | : | |

**Report and Recommendation**

Plaintiff James H. Lawson, Jr., a state prisoner, brings this action alleging that defendants have denied him medical care. This matter is before the Magistrate Judge on plaintiff's August 23, 2012 petition for injunction (doc. 13).

Plaintiff Lawson seeks an order preventing the Ohio Department of Rehabilitation and Correction from transferring him to another facility during the pendency of this action. He alleges that he was told during the grievance process that he would be transferred to another facility where he would be taken care of if he stopped this process. Plaintiff fears that he will be transferred to a facility where he will not have the resources necessary to continue to litigate this case. Plaintiff maintains that he has been subjected to verbal harassment from a guard during pill call. He does not believe his life is in physical danger. Plaintiff wishes to remain at the Chillicothe Correctional Institution for the remainder of his sentence.

1

This Court does not have jurisdiction to issue an injunction against the Ohio Department of Rehabilitation, which is not a party to this action. Furthermore, plaintiff does not have a liberty interest in being assigned to a particular institution. The determination of whether an inmate has a liberty interest in avoiding a particular condition of confinement or a particular institutional placement is governed by *Sandin v. Conner*, 515 U.S. 472 (1995). Under *Sandin,* transfers to other institutions that do no impose either atypical or significant hardship in relation to the ordinary incidents of prison life do not implicate an inmate's constitutional due process rights. *Id*. at 484.

For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff's August 23, 2012 petition for injunction (doc. 13) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373,

380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).


s/ Mark R. Abel
United States Magistrate Judge