IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James Harold Lawson, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00533 |
| v. | : | Judge Smith |
| Jessica McQuate, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

Plaintiff James Harold Lawson, a state prisoner, brings this action alleging that defendants have denied him medical care. This matter is before the Court on Magistrate Judge Abel's September 26, 2012 Report and Recommendation that plaintiff's August 23, 2012 petition for an injunction be denied (doc. 18). Plaintiff has not filed any objections to the Magistrate Judge's Report and Recommendation.[1]

Plaintiff Lawson seeks an order preventing the Ohio Department of Rehabilitation and Correction from transferring him to another facility during the pendency of this action. He alleges that he was told during the grievance process that he would be transferred to another facility where he would be taken care of if he stopped this process. Plaintiff fears that he will be transferred to a facility where he will not have the resources necessary to continue to litigate this case. Plaintiff maintains that he has

---

[1] On September 26, 2012, the Clerk of Court received an untimely reply in support of his petition, which plaintiff mailed on September 24, 2012. *See* doc. 19

1

been subjected to verbal harassment from a guard during pill call. He does not believe his life is in physical danger. Plaintiff wishes to remain at the Chillicothe Correctional Institution for the remainder of his sentence.

The Magistrate Judge correctly noted that this Court does not have jurisdiction to issue an injunction against the Ohio Department of Rehabilitation, which is not a party to this action. Furthermore, plaintiff does not have a liberty interest in being assigned to a particular institution. The determination of whether an inmate has a liberty interest in avoiding a particular condition of confinement or a particular institutional placement is governed by *Sandin v. Conner*, 515 U.S. 472 (1995). Under *Sandin,* transfers to other institutions that do no impose either atypical or significant hardship in relation to the ordinary incidents of prison life do not implicate an inmate's constitutional due process rights. *Id*. at 484.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **DENIES** plaintiff's petition for an injunction (Doc. 13).

      /S/ George C. Smith
      George C. Smith
      United States District Judge