IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James Harold Lawson, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00533 |
| v. | : | Judge Smith |
| Jessica McQuate and Dino Cardaras, | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge on defendants Jessica McQuate and Dino Cardaras' September 21, 2012 motion for judgment on the pleadings (doc. 17).

**I.  Allegations in the Complaint**

The complaint alleges that on July 21, 2010 plaintiff James H. Lawson, Jr. was seen by defendant nurse Dino Cardaras for complaints of a headache, dizziness, fever and tightness in his chest. Cardaras dismissed the large reddish spot/mark on Lawson's left leg as heat rash. He did not take Lawson's temperature because there were no probe covers, but Cadaras nonetheless recorded his temperature in his notes. Before leaving the medical office, Lawson asked to see a doctor. That request was denied. Complaint, ¶¶ 5-6. It is the "Culture of Care" at the Chillicothe Correctional Institution to deny medical care to inmates. *Id.,* Complaint, ¶ 7.

Within 24 hours, Lawson was admitted to the Ohio State University Medical Center, where he was placed in the infectious disease unit and given antibiotics. When he returned to the Chillicothe Correctional Institution on July 27, he was to continue

taking the prescribed antibiotics. But when he arrived at the prison, no steps were taken to insure that he received the prescribed medication. Complaint, ¶¶ 2 and 7. Instead, defendant nurse Jessica McQuate cleared Lawson for return to the general population, where he did not receive the antibiotics. Complaint, ¶¶ 2-3. Lawson then experienced increased pain and swelling in his left foot. His request for crutches was denied. McQuate and Cardaras made no effort to assess or inquire into why Lawson needed crutches. Lawson was returned to the Ohio State University Medical Center. Complaint, ¶ 3.

## II. Arguments of the Parties

### A. Defendants Jessica McQuate and Dino Cardaras

Defendants argue that this Court construed plaintiff's complaint as a civil rights action under 42 U.S.C. § 1983. In his response to defendant's answer, plaintiff stated that "his Civil Tort Complaint is not a Civil Rights 1983 action." Doc. 16 at 1. Therefore, defendants maintain that plaintiff's claims are not actionable in this Court and should be dismissed.

Plaintiff alleges that defendants engaged in medical negligence and that their actions were willful and wanton. Under Ohio Revised Code §9.86, officers and employees of the State of Ohio are statutorily immune from liability on state law claims arising from the performance of their duties unless their actions were manifestly outside the scope of their employment or official responsibilities or unless they acted with malicious purpose, in bad faith, or in a wanton or reckless manner. The Ohio

Court of Claims has "exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity." Ohio Rev. Code § 2743.02(F). Defendant maintains that a state employee is immune from state law claims until the Court of Claims has held that §9.86 is unavailable.

        B.      **Plaintiff James Lawson**

In his memorandum in opposition to defendants' motion, plaintiff seeks to clarify his reply to defendants' answer. Plaintiff maintains that in his complaint he did not separate his factual allegations supporting his Eighth Amendment claim from his claim for negligence. Plaintiff asks the Court to exercise supplemental jurisdiction over his state law claims in addition to his federal claim.

        III.     **Judgment on the Pleadings**

In ruling on a motion for judgment on the pleadings, the Court accepts all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Id.* This is the same standard applied in deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Id.*

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th

Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555.

IV. Discussion

Rule 7(a) of the Federal Rules of Civil Procedure lists the permissible pleadings. Rule 7(a)(7) provides that a reply to an answer is permissible "if the court orders one." Here, plaintiff was not granted leave to file a reply to an answer, and, as a result, the Clerk of Court is DIRECTED to STRIKE document 16 from the docket.

Despite, plaintiff's statement that his claim "is not a Civil Rights 1983 action" (doc. 16 at 1), it is evident from reading the facts alleged in the complaint and document 16 that plaintiff intended to state a claim arising under the Eighth Amendment:

> It is the belief of this Plaintiff that Deliberate Indifference to serious medical needs of inmates constitutes the unnecessary and wanton infliction of pain and mental anguish that is protected by the Eighth Amendment of the United States Constitution. The "serious need" has been defined as one that has been diagnosed by a physician mandating treatment. In this case the evidence is undisputed that Mr. Lawson was admitted at O.S.U. Medical Center, within hours of being denied care by the Defendants.
>
> Under the Eighth Amendment's prohibition against cruel and unusual punishments, prisoners have a constitutional right to medical care. This determination of a sufficiently serious medical need is predicated upon the inmate demonstrating that he or she is incarcerated under conditions imposing a substantial risk of serious harm. Failure to provide medical treatment when circumstances clearly evince a need amounts to a deprivation of constitutional due process. A prison official may be held liable if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measure to abate it. Ohio law provides civil remedies for medical negligence and wrongful death, under O.R.C. 2125.01.

Doc. 16 at 3 (emphasis in original). Here, plaintiff misunderstands the vehicle for bringing his claim. He apparently believes his claim based on deliberate indifference can brought by claiming medical negligence rather by bringing a claim pursuant to 42 U.S.C. § 1983. In that regard, he is mistaken. Plaintiff has, however, stated sufficient factual allegations to support a claim for a violation of his Eighth Amendment rights that may be brought pursuant to Section 1983 in this Court.

To the extent that plaintiff seeks to bring a claim medical negligence, pursuant to state law, defendants' motion for judgment on the pleadings should be granted. Under Ohio Revised Code §9.86, officers and employees of the State of Ohio are statutorily immune from liability on state law claims arising from the performance of their duties unless their actions were manifestly outside the scope of their employment or official responsibilities or unless they acted with malicious purpose, in bad faith, or in a wanton or reckless manner. The Ohio Court of Claims has "exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity." Ohio Rev. Code § 2743.02(F). A state employee is immune from state law claims until the Court of Claims has held that §9.86 is unavailable. Plaintiff has, however, adequately stated a claim under Section 1983, and I recommend that this claim be permitted to go forward.

V.      **Conclusion**

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants Jessica McQuate and Dino Cardaras' September 21, 2012 motion for

judgment on the pleadings (doc. 17) be GRANTED to the extent that plaintiff seeks to litigate a state law claim for medical negligence. The Magistrate Judge further RECOMMENDS that plaintiff be permitted to prosecute his claim based on violations of his Eighth Amendment rights. The Clerk of Court is DIRECTED to STRIKE document 16 from the docket.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel  
United States Magistrate Judge