IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James Harold Lawson, Jr., | : | |
| Plaintiff | : | Civil Action 2:12-cv-00533 |
| v. | : | Judge Smith |
| Jessica McQuate and Dino Cardaras, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

This matter is before the Magistrate Judge on plaintiff James H. Lawson Jr.'s April 10, 2013 motion for leave to serve additional interrogatories on defendants Jessica McQuate and Dino Cardarus (doc. 29).

Plaintiff states that he received defendants' responses to his first set of interrogatories and that their responses have resulted in the need for further questions and clarification of their responses.

Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." A court has discretion to permit additional interrogatories in accordance with Rule 26(b)(2). *Id*. However, Rule 26(b)(2)(C) requires a court to limit discovery if (1) the requested discovery is unreasonably cumulative or duplicative or can be obtained from a more convenient or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or

1

(3) the burden or expense outweighs the likely benefit of the discovery. Leave to serve additional interrogatories has been denied where the requesting party failed to make "a particularized showing why the additional discovery is necessary." *King v. Butler Mfg. Co.*, No. 07-1165, 2008 U.S. Dist. LEXIS 64925, at *2 (W.D. Tenn. July 30, 2008). Plaintiff provided the additional interrogatories that he would like to serve on defendants. Plaintiff has adequately demonstrated that the interrogatories are necessary, and it does not appear that these additional interrogatories would impose an undue burden on defendants.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  
United States Magistrate Judge